UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAPHNE BARNES | CIVIL ACTION |
| VERSUS | NO. 14-444 |
| KYRON HUNTER | SECTION "N"  (3) |

### ORDER AND REASONS

Presently before the Court is a motion to remand filed by Plaintiff, Daphne Barnes, (Rec. Doc. 7). For the reasons stated herein, **IT IS ORDERED** that Plaintiff's motion is **GRANTED** to the extent that remand is sought, but is **DENIED** to the extent that Plaintiff requests an award of costs and attorney fees, pursuant to 28 U.S.C. §1447(c), for improper removal. **IT IS FURTHER ORDERED** that this action be remanded to the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, State of Louisiana.

### LAW AND ANALYIS

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 122 S. Ct. 459 (2001). Furthermore, federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id*. Thus, in the context of actions removed from state court, the removing party bears the burden of demonstrating the federal court's jurisdiction and that removal was proper. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276

F.3d 720, 723 (5th Cir. 2002). Finally, any ambiguities in the state court petition are construed against removal. *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Having carefully reviewed the parties's submissions and applicable law, the Court finds that this matter should be remanded for essentially the reasons stated in Plaintiff's motion and supporting memorandum (Rec. Docs. 7 and 7-1). In short, Defendant Kyron Hunter has not demonstrated the existence of federal subject matter jurisdiction relative to this matter involving the parties' divorce, child support, child custody and visitation, and related contempt proceedings.

Despite claiming to be an "Indigenous Aboriginal Allodial Moorish American," Defendant has not demonstrated that he is a "citizen or subject of a foreign state" or that he is a citizen of a state other than Louisiana for purposes of diversity of citizenship jurisdiction. See 28 U.S.C. §1332(a). Nor has he demonstrated a matter in controversy exceeding $75,000. *Id.* Further, defendants who are citizens of the state in which an action is brought may not remove that action to federal court. See 28 U.S.C. §1441(b)(2). Finally, a domestic relations exception to federal diversity of citizen jurisdiction exists as a matter of statutory construction. See*, e.g. Ankenbrandt v. Richards*, 504 U.S. 689, 700 -703 (1992) ("domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees").

The Court likewise does not find Defendant to have established federal subject matter jurisdiction under 28 U.S.C. § 1331 or any other federal statute. Although Defendant cites to 22 U.S.C. §§ 141-143 and 145-174, those provisions were repealed in 1956 and, in any event, appear immaterial as they concerned consular courts in foreign countries. See 22 U.S.C. §§ 141-143 and 145-174 (repealed). Finally, to the extent that Plaintiff arguably contends that proceedings in state court have resulted in deprivations of his federal constitutional or other rights, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction over such assertions, which are properly asserted on

2

appeal in state court, not collaterally in federal district court. See*, e.g., Liedtke v. State Bar of Texas*, 18 F.3d 315, 317-18 (5th Cir.), *cert. denied*, 513 U.S. 906 (1994).

As stated above, in addition to seeking remand, Plaintiff also seeks an award of attorney's fees and costs. Under 28 U.S.C. § 1447(c), a court "may award attorney's fees" only where the removing party lacked an objectively reasonable basis for seeking removal. See, e.g., *Valdes v. Wal-Mart Stores, Inc*., 199 F.3d 290 (5th Cir. 2000); see also *Garcia v. Amfels, Inc*., 254 F.3d 585, 587 (5th Cir. 2001)("Central to the determination of whether attorneys' fees should be granted is the propriety of the . . . decision to remove.")(citation omitted).

Although the Court finds Defendant's removal to have been completely without arguable merit, Defendant was granted leave to proceed *in forma pauperis* and is proceeding *pro se*. Given that Plaintiff has not challenged Defendant's qualification to proceed *in forma pauperis*, and Defendant lacks the assistance of counsel, the Court concludes, in the interest of justice, that no attorney's fees or costs are to be awarded pursuant to 28 U.S.C. § 1447(c). Cf. *Wells Fargo Bank NA v. Agnew, Slip Copy*, Civil Action No. 14-1646, 2014 WL 2158420 (N.D. Tex. May 23, 2014)(Lindsay, J.)(denying to assess fees and costs against *pro se* defendant proceeding *in forma pauperis*). Nevertheless, the Court cautions Defendant that any subsequent unwarranted removal of this action will not receive such leniency.

New Orleans, Louisiana, this 2nd day of June 2014.

                                                       KURT D. ENGELHARDT
                                                      UNITED STATES DISTRICT JUDGE